IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| TIMOTHY DERRAL MARTIN, #656744 | § | |
| VS. | § | CIVIL ACTION NO. 9:06cv17 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM OPINION AND
ORDER OF DISMISSAL

Petitioner Timothy Derral Martin, an inmate confined at the Eastham Unit of the Texas prison system, proceeding *pro se*, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition was transferred to the undersigned pursuant to 28 U.S.C. § 636(c).

The Petitioner is in the custody of the Texas prison system pursuant to a Tom Green County Burglary of a Habitation conviction. He was sentenced to 25 years imprisonment on July 16, 1993. The Director conceded that he is eligible for release on mandatory supervision.

The present petition does not, however, concern the Petitioner's conviction; instead, it concerns a prison disciplinary case for possession of contraband, Case No. 20060065978. Officer E. Jones, the charging officer, prepared an Offense Report alleging that on November 2, 2005, the Petitioner was found in possession of one jug of cleaner, one pamphlet of guns and a large piece of black glass. These items were not allowed nor assigned to the Petitioner, nor sold in the commissary. The Petitioner was also charged with destroying a window pane. The Disciplinary Report and Hearing Record reveals that the Petitioner received formal notification of the charges on November 4, 2005, at 12:10 p.m. A disciplinary hearing was conducted on November 8, 2005. The Petitioner pled guilty to possession of contraband and not guilty to destroying state property. The Hearing Work Sheet noted that the Petitioner testified that the search was conducted while he was at recreation. Officer Jones also testified by speaker phone that the search occurred while the Petitioner was at recreation. She discovered the gun pamphlet in-between magazines, she found the large piece

of black glass and found the jug under the bed. On cross-examination, Officer Jones said the glass was found under the table wrapped. She did not see any window panes missing. She did not see the Petitioner destroy any windows. The Disciplinary Report and Hearing Record reveals that the Petitioner was found guilty of possession of contraband but not guilty of destroying state property. The finding of guilt was based on an admission of guilt and the Offense Report. The punishment imposed consisted of the loss of recreation and commissary privileges for thirty days and the loss of thirty days good time.

The present petition was filed on January 13, 2006. The Petitioner presented the following grounds for relief:

1. Search and seizure did not follow policy requiring filling out forms for confiscation. Failure to turn in all evidence seized.

2. The Offense Report was faulty and included false testimony/information.

3. Officer Jones contradicted her verbal statement during the hearing with her written report.

4. Disciplinary hearing was unfair and partial and violated Fifth Amendment.

5. Evidence was not properly presented at the hearing to support conviction and allegations.

6. Denied a fair and impartial hearing on appeal.

The Petitioner also submitted a memorandum in support of the petition. The Director filed an answer on March 2, 2006. The Petitioner did not file a response.

The Director's answer initially argued that two issues raised by the Petitioner were not exhausted: TDCJ violated its own policy and procedures with regard to properly granting him an impartial review in the grievance process and the Petitioner was denied a fair and impartial hearing because the disciplinary hearing officer exceeded his position and sided with the charging officer to find him guilty. The grievance records submitted in this case have been reviewed, and they support the Director's claims that the issues were not exhausted.

Congress requires state prisoners to exhaust all available state remedies before proceeding in federal court unless circumstances exist which render the state corrective process ineffective to

protect the prisoner's rights. 28 U.S.C. § 2254(b) & (c). Texas state courts will not entertain habeas corpus challenges to a prison disciplinary proceeding. *Ex parte Palomo*, 759 S.W.2d 671, 674 (Tex. Crim. App. 1988); *Ex parte Brager*, 704 S.W.2d 46 (Tex. Crim. App. 1986). Thus the Petitioner was not required to pursue habeas corpus relief in state court before filing a petition for a writ of habeas corpus in federal court concerning a disciplinary case. However, he was required to exhaust the prison grievance procedures before proceeding to federal court. *See Gartrell v. Gaylor*, 981 F.2d 254, 258 n.3 (5th Cir. 1993); *Lerma v. Estelle*, 585 F.2d 1297, 1299 (5th Cir. 1978), *cert. denied*, 448 U.S. 848 (1979). Any claim that is not exhausted is procedurally defaulted unless the Petitioner shows cause and prejudice for such failure or a fundamental miscarriage of justice. *Moffatt v. Director, TDCJ-CID*, 390 F.Supp.2d 560 (E.D. Tex. 2005). The Petitioner has not shown that he should be excused from the exhaustion requirement, thus the unexhausted claims are procedurally barred.

This brings us to the merits of the Petitioner's claims. The Supreme Court has historically held that the due process clause is applicable to disciplinary proceedings where a prisoner is threatened with a loss of good time or the imposition of solitary confinement. *Wolff v. McDonnell*, 418 U.S. 539 (1974). The Court held that inmates must be afforded written notice of the claimed violation at least twenty-hours before a disciplinary hearing, a written statement of the fact finders as to the evidence relied on and reasons, and the right to call witnesses and present documentary evidence where such would not be unduly hazardous to institutional safety or correctional goals.

The Supreme Court subsequently placed severe limitations on challenges to disciplinary cases in *Sandin v. Conner*, 515 U.S. 472 (1995). The Court concluded that the federal judiciary had gone too far in extending due process rights as first articulated in *Wolff v. McDonnell*. The Court retreated from its earlier conclusion that due process rights must be accorded to inmates before placing them in solitary confinement. *Id.* at 485. The Court referred to its discussion in *Wolff* regarding solitary confinement as "dicta." *Id.* The Supreme Court went on to hold that "Conner's discipline in segregated confinement did not present the type of atypical, significant deprivation in which a state

might conceivably create a liberty interest." *Id.* at 486. The Court concluded that Conner did not have a "protected liberty interest that would entitle him to the procedural protections set forth in *Wolff*. The regime to which he was subjected as a result of the misconduct hearing was within the range of confinement to be normally expected for one serving an indeterminate term of 30 years to life." *Id.* at 487. Absent atypical punishment, a prisoner does not have a basis for a federal lawsuit concerning a disciplinary action.

The Fifth Circuit has applied *Sandin* to a number of situations. Punishment consisting of placement in administrative segregation or the loss of the opportunity to earn good time is not enough to trigger the protection of the Constitution. *Luken v. Scott*, 71 F.3d 192 (5th Cir. 1995). The loss of the opportunity to earn good time will not trigger the protection of the Constitution even when an inmate is eligible for mandatory supervision. *Malchi v. Thaler*, 211 F.3d 953 (5th Cir. 2000). The imposition of commissary and cell restrictions likewise will not trigger the protection of the Constitution. *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997). The loss of good time will not support relief to the extent that it adversely affects parole eligibility. *Sandin*, 515 U.S. at 487. However, the loss of good time will trigger the protection of the Constitution if, and only if, a prisoner is eligible for release on mandatory supervision. *Madison v. Parker*, 104 F.3d at 769.

In the present case, to the extent the Petitioner's punishment consisted of the loss of recreation and commissary privileges, his punishment did not involve a protected liberty interest and was not serious enough to trigger the protection of the Constitution. On the other hand, he also lost good time and is eligible for release on mandatory supervision, thus he is entitled to have his case evaluated in light of *Wolff v. McDonnell*. The Petitioner, however did not allege that any of his rights as itemized by the Supreme Court in *Wolff v. McDonnell* were violated, and this Court has found no violations.

The Petitioner included several claims that prison procedures were not followed. More specifically, Officer Jones did not follow procedures in filling out confiscation forms and failed to turn in all evidence. However, the prison system's alleged "failure to follow its own procedural

4

regulations does not constitute a violation of due process, however, if 'constitutional minima [have] nevertheless ... been met.'" *Murphy v. Collins*, 26 F.3d 541, 543 (5th Cir. 1994) (citations omitted). The Petitioner has not shown that the constitutional minimum requirements were not met, thus he has not shown that he is entitled to federal habeas corpus relief.

The Petitioner also had several claims involving the credibility or sufficiency of the evidence. Federal Courts will not review a disciplinary hearing officer's factual findings *de novo*, instead the courts will only consider whether the decision is supported by "some facts" or by "a modicum of evidence." *Superintendent v. Hill*, 472 U.S. 445, 454-55 (1985); *Hudson v. Johnson*, 242 F.3d 534, 537 (5th Cir. 2001). In the present case, Officer Jones testified that she found contraband in the Petitioner's living area. She found the gun pamphlet, a jug and glass. The Petitioner admitted he had the pamphlet and a bottle, although he asserted he bought the bottle in the commissary. In any event, Officer Jones provided at least some evidence to support the charge that the Petitioner had contraband. The constitutional standard was satisfied.

The Petitioner also made allegations of impartiality. The Supreme Court addressed the issue of impartiality in *Wolff v. McDonnell*. "*Wolff* undoubtedly extends to inmates the right to a fair tribunal, but the extent of impartiality required in prison disciplinary proceedings must be gauged with due regard to the fact that they 'take place in a closed, tightly controlled environment' in which '[g]uards and inmates co-exist in direct and intimate contact.'" *Adams v. Gunnell*, 729 F.2d 362, 370 (5th Cir. 1984) (citing *Wolff,* 418 U.S. at 561-62). The requirement of impartiality in the context of prison disciplinary hearings requires only that the disciplinary hearing officer may not have participated in the case as an investigating or reviewing officer or as a witness. *Wolff*, 418 U.S. at 572 n. 20; *Pedraza v. Meyer*, 919 F.2d 317, 320 (5th Cir. 1990). In the present case, there is no evidence of impartiality as that concept was defined by the Supreme Court.

It is noted that the Petitioner complained about the punishment imposed. He thought that the loss of thirty days good time was excessive. The issue for the Court is whether the Petitioner was accorded his due process rights as defined by the Supreme Court. He was accorded all of his due

5

process rights.  It is noted that none of his claims would have been reviewed if he had not lost any good time.  His claims, however, have been reviewed because he lost a small amount of good time, thirty days.  It is further noted that the Director correctly argued that the Fifth Circuit stated in *Malchi* that the loss of just a few days of good time would be *de minimis* and would not give rise to a constitutionally cognizable claim.  211 F.3d at 958.  The Fifth Circuit stated that six months would be more than *de minimis*.  *Id.*  The Fifth Circuit did not establish a bright line rule for when the loss of good time would be *de minimis*.  The Fifth Circuit subsequently suggested in a footnote that the loss of only thirty days would be *de minimis*.  *Richards v. Dretke*, 394 F.3d 291, 294 n.5 (5th Cir. 2004).  In the present case, the Petitioner's loss of only thirty days is arguably *de minimis* and habeas corpus relief would be unavailable under such circumstances.  Nonetheless, even if the loss of thirty days good time was more than *de minimis*, the Petitioner's constitutional due process rights were not violated.  The petition for a writ of habeas corpus should be denied.

As a final matter, the Court issued a Report and Recommendation in this case that is essentially identical to this Memorandum Opinion on March 30, 2006.  No objections were filed by either party.  Subsequent to the issuance of the Report and Recommendation, Judge Clark signed an order assigning the case to the undersigned by consent of the parties pursuant to 28 U.S.C. § 636(c).  Since the parties have not filed a response to the Report and Recommendation, the Report is being incorporated into the present Memorandum Opinion.  It is accordingly

**ORDERED** that the above-styled petition for writ of habeas corpus is **DENIED** and the case is **DISMISSED** with prejudice.  It is further

**ORDERED** that all motions not previously ruled on are **DENIED**.

So **ORDERED** and **SIGNED** this **11** day of **April, 2006.**

_____
JUDITH K. GUTHRIE
UNITED STATES MAGISTRATE JUDGE

6